The opinion of the Court was delivered by
Dunkin, Ch.
This is what is technically termed a creditors’ bill. The object is not only to enlarge the fund for the pavment of Charles Gowing’s creditors, but to exclude his son and co-defendant, Rodney Gowing, from the large share which, under various claims, he proposes to appropriate to himself. Other judgment creditors, besides Brandon and Nethers, are plaintiffs in these proceedings. But it is urged that, although the demurrer may have been properly overruled as to the other plaintiffs, yet, as Brandon and Nethers had selected their forum^ they must be confined to the remedy which that proceeding affords. It is true that, in arresting Charles Gowing under a ca. sa., Brandon and Nethers lost the lien of their judgment; but, when their debtor became actor and proposed to assign his effects as a condition of his discharge, Brandon and Nethers were entitled to participate in the assigned fund. This precise point was considered and adjudged in Mairs vs. Smith, 3 McC. 52. The assignment under the Insolvent Debtors’ Act is for the benefit “ of the suitor or suitors at whose instance the defendant stands charged,” and of all others, &c. When the defendant takes the benefit of the Act, the plaintiff’s lien is gone, but not his debt. In the language of Judge Nott, speaking for the Court, “ the Act preserves the debt, but not the lien.
The original jurisdiction of this Court entitles the plaintiffs to a discovery both from Charles Gowing and from Rodney Gow- *11 ing, from which they are not precluded by the arrest of the former, and this proceeding might "very properly be entertained as ancillary to the proceedings now pending at law. The demurrer admits the truth of facts constituting a gross fraud, which these defendants have combined to perpetrate upon the creditors of Charles Gowing, and it is the proper province of this tribunal to defeat such machinations by purging the conscience of those for whose benefit they are contrived.
It is ordered and decreed, that the judgment of the Circuit Court be affirmed, and that the appeal be dismissed.
Johnston and "W ardlaw, CC., concurred.

Appeal dismissed.